NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 18, 2008[*]
Decided January 18, 2008

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 07-2960

| | |
|---|---|
| WILLIAM E. WHIGUM,<br>　　　　*Plaintiff-Appellant,*<br><br>　　*v.*<br><br>KELLER CRESCENT COMPANY,<br>　　　　*Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. 1:06-cv-921-LJM-WTL<br><br>Larry J. McKinney,<br>*Judge.* |

**O R D E R**

William Whigum, a former folder technician for Keller Crescent Company, filed suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981, claiming that he was subjected to a hostile work environment and discriminated and retaliated against because he is black. The district court granted summary judgment for Keller Crescent. Whigum appeals, and we affirm.

We construe the facts in the light most favorable to Whigum. *See Healy v. City of Chicago*, 450 F.3d 732, 738 (7th Cir. 2006). Keller Crescent produces folded

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

literature, among other things, and employed Whigum to operate folding machinery. The company never once disciplined Whigum in the nearly four years that he worked there. But in December 2005 plant manager Dan Koch reassigned a technician who had previously assisted Whigum on certain assignments to a different machine. Koch taunted Whigum, insinuating that he could not handle these assignments on his own. According to Whigum's deposition testimony, Koch mistreated everyone in the plant in this manner.

In February 2006 Whigum received a positive evaluation from his direct supervisor and earned a corresponding pay raise. Whigum viewed the raise as inadequate. He requested to see his personnel file and discovered for the first time that it contained a description—which he deems misleading—of a dispute he had earlier entered into with two other employees. He immediately filed a charge of discrimination with the EEOC. According to a list of events compiled by Whigum from notes that he apparently kept in the weeks after he filed his EEOC charge, Koch "brought up the EEOC" in a company meeting on March 1 when Whigum requested to speak to him about his pay. That same day, also according to Whigum's list, he was assigned a "hot" (high priority) job to complete, and for the next three days he was assigned to malfunctioning machines. Whigum produced no other evidence to show that these events had occurred, but Keller Crescent did not tender any evidence refuting that they happened either. In early March Whigum voluntarily resigned.

He filed his complaint in the district court in June 2006. Whigum claimed that Keller Crescent discriminated against him because of his race when the company falsified his personnel records and paid him a raise that was not commensurate with those it paid to its white employees. He also claimed that Koch subjected him to a hostile work environment because of his race. And lastly Whigum claimed that Keller Crescent assigned him to high priority jobs and faulty machines, setting him up to fail, in retaliation for the charge he had filed with the EEOC. Both Whigum and Keller Crescent moved for summary judgment.

The district court granted Keller Crescent's motion. The court found that Whigum had not produced any direct or circumstantial evidence of discrimination or retaliation. Nor, the court concluded, had he made out a prima facie case of either claim under the indirect method of proof. First, determined the court, Whigum failed to identify similarly situated white employees who were better paid. Of the two employees Whigum pointed to, the court found that one was actually paid less than Whigum and the other held a different position, was more senior, and had a different supervisor. In any event, the court determined that Keller Crescent had not taken any materially adverse actions against Whigum that could support either his discrimination or retaliation claim. And as to Whigum's hostile work

environment claim, the court found that Whigum failed to introduce evidence demonstrating that the workplace had become objectively offensive.

On appeal, Whigum contends for the first time that Keller Crescent violated his rights under the Fair Labor Standards Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act. But claims that are not raised in the district court are waived on appeal. *See Weigel v. Target Stores,* 122 F.3d 461, 464 (7th Cir. 1997).

As to the claims that were raised in the district court, Whigum first asserts without elaboration that the district court erred in granting summary judgment in Keller Crescent's favor on both his discrimination and retaliation claims. (He informs us that these two claims are Title VII claims only, not also claims under § 1981 as asserted in his complaint.) To succeed on either claim, Whigum must show that he suffered a materially adverse employment action. *See Nichols v. S. Ill. Univ.-Edwardsville*, __F.3d__, No. 06-2688, 2007 WL 4553649, at *4, *10 (7th Cir. Dec. 28, 2007). Keller Crescent contends that both Whigum's discrimination and retaliation claims are doomed because he failed to make this necessary showing.

The test for determining whether adverse treatment by an employer is actionable under Title VII differs for discrimination and retaliation claims. For a discrimination claim, a materially adverse action is one that diminishes an employee's compensation or benefits, constitutes a nominally lateral transfer but nonetheless reduces an employee's career prospects, or subjects an employee to altered working conditions that are degrading and humiliating. *See O'Neal v. City of Chicago,* 392 F.3d 909, 911 (7th Cir. 2004). We have emphasized that such actions are "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Nichols*, __F.3d__, 2007 WL 4553649, at *5 (internal quotation marks and citation omitted). To support a retaliation claim, however, qualifying adverse acts extend beyond those that affect the terms and conditions of employment. *See Burlington Northern and Santa Fe Ry. Co. v. White,* __U.S.__, 126 S. Ct. 2405, 2412-13 (2006). A materially adverse employment action in the realm of a retaliation claim is one that would dissuade a reasonable employee from making or supporting a claim of discrimination. *See id.* at 2415; *Lewis v. City of Chicago,* 496 F.3d 645, 655 (7th Cir. 2007).

As to Whigum's retaliation claim, we agree with Keller Crescent that the treatment he alleges to have received falls short of being actionable. Being assigned to a high priority job for a day and being assigned to a broken machine for three days would not dissuade a reasonable employee from pursuing a claim of discrimination. *See Roney v. Ill. Dep't of Transp.,* 474 F.3d 455, 461-63 (7th Cir. 2007). There is no evidence in the record that Keller Crescent even criticized Whigum's performance on these assignments, let alone disciplined him for it. And

Whigum's recollection that Koch "brought up the EEOC" at a meeting is, without more, too vague for us to draw from it any inference of retaliation. Summary judgment on Whigum's retaliation claim was therefore properly granted in Keller Crescent's favor on this ground.

The same is true, for the most part, as to Whigum's discrimination claim. He fails to demonstrate that the characterizations in his personnel records influenced his pay or otherwise damaged his "career prospects"; indeed, he was never disciplined for his involvement in the underlying incidents, nor does he dispute that the incidents occurred. *See Nichols,* __F.3d__, 2007 WL 4553649, at *6. The receipt of an inadequate pay raise can, though, amount to an adverse employment action, *see Griffin v. Potter,* 356 F.3d 824, 830 (7th Cir. 2004), but Whigum fails to make out the rest of his prima facie case, namely, that he was paid less than similarly situated white employees. *See Barricks v. Eli Lilly and Co.,* 481 F.3d 556, 559-60 (7th Cir. 2007). Neither of the two white employees that Whigum points to are sufficiently similar "to allow for a meaningful comparison in order to divine whether intentional discrimination was at play." *Id.,* at 560. Whigum does not dispute the district court's finding that one was in fact paid less than him. And the other was not a folder technician. Summary judgment on Whigum's discrimination claim was therefore properly granted as well.

Whigum next presses his claim that he was subjected to a hostile work environment because Koch ridiculed him. To succeed on this claim, Whigum must show that he was subjected to severe or pervasive harassment because of his race and that it resulted in an abusive working environment. *See Luckie v. Ameritech Corp.,* 389 F.3d 708, 713 (7th Cir. 2004). He must demonstrate that the workplace became both subjectively and objectively offensive. *See Ezell v. Potter,* 400 F.3d 1041, 1047 (7th Cir. 2005). Whigum points to a handful of comments made by Koch that were, as the district court recognized, unprofessional, but Whigum offers nothing to establish that Koch was motivated by race, *see Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 863-64 (7th Cir. 2005), nor anything to establish that Whigum's work environment could objectively be perceived as hostile, *see Roney,* 474 F.3d at 463. "[N]ot every perceived unfairness in the workplace may be ascribed to discriminatory motivation merely because the complaining employee belongs to a racial minority." *Beamon,* 411 F.3d at 863. Whigum's claim is therefore without merit.

Whigum has also filed a motion for sanctions against Keller Crescent, *see* FED. R. APP. P. 37(b), but it is utterly frivolous and consequently denied.

The judgment is AFFIRMED.